IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSTOWN

JOHN DOE,                                          )
                                                   )
                   Petitioner                      )   3:25-CV-00353-RAL
                                                   )
       vs.                                         )   RICHARD A. LANZILLO
                                                   )   Chief United States Magistrate Judge
LEONARD ODDO, WARDEN,                              )
MOSHANNON VALLEY PROCESSING                        )
CENTER, et al.,                                    )   MEMORANDUM OPINION ON PETITION
                                                   )   FOR WRIT OF HABEAS CORPUS
                   Respondents                     )
                                                   )   IN RE: ECF NO. 1
                                                   )
                                                   )

MEMORANDUM OPINION

Presently before the Court is a petition for a writ of habeas corpus under 28

U.S.C. § 2241 filed by Petitioner, John Doe[1] ("Petitioner"), an immigration detainee

at the Moshannon Valley Processing Center ("MVPC") in Clearfield County,

Pennsylvania.[2] For the reasons stated below, the petition will be granted and

Respondents will be ordered to release Petitioner from U.S. Immigration and

Customs Enforcement detention subject to appropriate conditions in accordance with

8 U.S.C. § 1231(a)(3) that are in addition to any previously imposed conditions of

---

[1] The Court granted Petitioner leave to proceed under a pseudonym on December 30, 2025. SCF No. 10.

[2] This case was reassigned to the undersigned United States Magistrate Judge on March 12, 2026. All parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings under 28 U.S.C. §636(c).

federal supervised release that remain in effect following his release from incarceration on May 6, 2024.

A. Background

Petitioner is a citizen and native of Mexico. The parties disagree regarding when Petitioner initially entered the United States, but there is no dispute that he has been in the country for decades.[3] On June 29, 2020, the Department of Homeland Security arrested Petitioner, and he was later with offenses that included conspiracy to distribute narcotics, possession of firearms in connection with a drug trafficking crime, possession with intent to distribute narcotics, illegal reentry, money laundering, and bribery. On January 25, 2022, Petitioner pled guilty to conspiracy to distribute narcotics and related charges. On May 6, 2024, he was sentenced to time served after spending approximately 46 months in federal custody. That same day, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody. He is currently detained by ICE at MVPC under 8 U.S.C. § 1231(a)(6).

On December 20, 2024, an Immigration Judge ("IJ") ordered Petitioner removed to Mexico but granted Petitioner deferral of removal under the Convention Against Torture ("CAT"). The order became final on January 12, 2025. In February 2025, ICE emailed requests to receive alien to Spain, Peru, Costa Rica, and El Salvador. Costa Rica and Peru have expressly declined to accept Petitioner, and, to

---

[3] Petitioner asserts that he has resided in the United States since 1989. ECF No. 1, ¶¶ 28-29. Respondents assert that he entered the country in 1998. ECF No. 12, pp. 1-2. This discrepancy is not material to the issues presented by the Petition.

date, no third country has been willing to accept Petitioner. He has been detained in ICE custody for almost 23 months.

B. Jurisdiction

The general habeas statute, 28 U.S.C. § 2241, confers jurisdiction on this Court to hear both statutory and constitutional challenges to Petitioner's detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). The statute authorizes the Court to grant a writ of habeas corpus to a person held "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

C. Discussion

Petitioner is detained under Section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). This provision concerns removal and detention of aliens who have been ordered removed from the United States and states, in pertinent part:

> [(1)(A)] Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
> ...
>
> [(2)(A)] During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.
>
> ...

3

> [(6)] An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(1), (2), (6).

While Section 241(a)(6) permits the Government to detain certain aliens beyond the removal period, this authority is limited by the rights guaranteed all persons under the Due Process Clause of the Fifth Amendment, U.S.C.A. Const. Amend. 5. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that "indefinite detention of aliens" under Section 241(a)(6) "would raise serious constitutional concerns...". *Id.* at 682. The Court therefore "construed the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* "[F]or the sake of uniform administration in the federal courts," the Court found that post-removal-order detention of six months was "presumptively reasonable" but that detention beyond six months becomes unreasonable and unauthorized "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the Government fails to "respond with evidence sufficient to rebut that showing." *Id.* at 701. The Court emphasized that the six-month presumption period did not mean that every alien detained and not removed during that period is entitled to release. *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably

foreseeable future." *Id.* But what may be considered a "significant likelihood of removal in the reasonably foreseeable future" "shrink[s]" as "the period of postremoval period grows." *Id.*

Petitioner has been detained since May 6, 2024. His more than twenty-two months of detention exceeds by a factor of three the duration necessary to trigger the presumption recognized in *Zadvydas.* And based on facts of record, the Court also finds that Petitioner has met his burden of demonstrating that there is no significant likelihood of his removal in the reasonably foreseeable future. First, the CAT deferral of Petitioner's removal to Mexico, the only country to which he has a claim to citizenship, supports that his removal is unlikely to occur in the reasonably foreseeable future. This deferral will continue until the Government finds a third country that will accept Petitioner. Second, the Government acknowledges that it has made requests to Spain, Peru, Costa Rica, and El Salvador to receive Petitioner, but that none has agreed to accept him. Indeed, Costa Rica and Peru have expressly declined to accept Petitioner. The Government has produced no evidence to support a finding that any country is likely to accept or is even actively considering accepting Petitioner. And third, depending on the third country to which ICE seeks to remove him, Petitioner may be statutorily protected from removal. *See E.D.Q.C. v. Warden, Stewart Det. Ctr.*, 789 F. Supp. 3d 1234, 1240-41 (M.D. Ga. June 3, 2025), *reconsideration denied, stay granted*, 2025 WL 1829416 (M.D. Ga. July 2, 2025) ("[A]s recently discussed by the district court in D.V.D., an alien must be given notice prior to removal to a third country and an opportunity to seek withholding of removal to

that country under 8 U.S.C. § 1231(b)(3) and [CAT] (citing *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 386–87 (D. Mass. 2025), *opinion clarified*, 2025 WL 1323697 (D. Mass. May 7, 2025), *and opinion clarified*, 2025 WL 1453640 (D. Mass. May 21, 2025), *reconsideration denied sub nom. D.V.D. v. U.S. Dep't of Homeland Sec.*, 786 F. Supp. 3d 223 (D. Mass. 2025)).

Because Petitioner has met his burden to demonstrate that he is not likely to be removed in the reasonably foreseeable future, the burden shifts to the Government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. The only evidence proffered by the Government is its unsuccessful efforts to locate a third country to accept Petitioner. This evidence falls far short of rebutting Petitioner's showing. *See Jimenez Chacon v. Lyons*, No. 25-cv-977, 2025 WL 3496702, at *8 (D.N.M. Dec. 4, 2025) (noting that contacting a third-party country to request acceptance of a petitioner with receiving any indication of likely acceptance does not to demonstrate a significant likelihood of removal in the reasonably foreseeable future); *Ahrach v. Baltazar*, No. 25-cv-03195, 2025 WL 3227529, at *5 (D. Colo. Nov. 19, 2025) (finding the government did not meet its burden by reaching out to three countries soliciting removal without receiving a response); *Salazar-Martinez v. Lyons*, No. 2:25-cv-61, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025) (finding the government failed to meet its burden when it submitted repatriation requests to four countries and two were denied and two received no response for five months); *Hassoun v. Sessions*, No. 18-cv-00586, 2019 WL 78984, at *5 (W.D.N.Y. Jan. 2, 2019)

6

(finding government failed to meet its burden when it had four requests for travel documents pending for about five months).

Based upon the entirety of the record, the Court finds that Petitioner's continued detention under 8 U.S.C. § 1231(a) violates his rights under the Due Process Clause of the Fifth Amendment.

V. Conclusion

The petition for writ of habeas corpus will be granted and Respondents will be directed to release Petitioner from ICE detention subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3) that are in addition to any previously imposed conditions of federal supervised release that remain in effect following his release from incarceration on May 6, 2024.

An appropriate Order follows.

DATED this 30th day of March, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

7